FILED: 2/15/2019 2:37 PM
Lynne Finley
District Clerk
Collin County, Texas
By Alexis Scherff Deputy
Envelope ID: 32647345

CAUSE NO. 401-01946-2019

| | | |
|---|---|---|
| PEGGY HUGHES | § | |
| *Plaintiff,* | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **v.** | § | |
| | § | **COLLIN COUNTY, TEXAS** |
| THE TRAVELERS HOME AND | § | |
| MARINE INSURANCE COMPANY | § | |
| and RONNIE DALY, | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Peggy Hughes, (hereinafter referred to as "Plaintiff" or "Hughes"), by and through its counsel of record, complains of The Travelers Home and Marine Insurance Company ("Travelers") and Ronnie Daly ("Daly") (collectively referred to as "Defendants") and respectfully shows as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2.      Plaintiff is an individual residing in Collin County, Texas.

3.      Defendant Travelers is an insurance company engaging in the business of insurance in the State of Texas. Defendant Travelers may be served through Corporation Service Company at 211 East 7th Street, Suite 620 Austin, Texas 78701-3218.

4.      Defendant Daly is an individual engaging in the business of insurance in the State of Texas. Defendant Daly served at 12434 County Road 1260, Bullard, Texas 75757.

5.      The Clerk is requested to issue Citations.

### III.
### JURISDICTION

6.      Plaintiff seeks monetary relief between $200,000 and $1,000,000.  Such damages sought are within the jurisdictional limits of the court.  Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. § 47.

7.      The court has jurisdiction over Defendant Travelers because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

8.      The court has jurisdiction over Defendant Daly because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

### IV.
### VENUE

9.      Venue is proper in Collin County, Texas, because the insured Property giving rise to this cause of action is situated in Collin County, Texas.  TEX.CIV.PRAC.REM.CODE §15.032.

### V.
### NOTICE AND CONDITIONS PRECEDENT

10.     Pursuant to TEX.INS. CODE § 542A.003(d) presuit notice is impracticable and therefore not required because Plaintiff has a reasonable basis to believe there is insufficient time to give presuit notice before the limitations period will expire.

11.     All other conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendants; or Defendants are otherwise estopped from raising same due to Defendants' prior breach of the insurance contract.

## VI.
## FACTS

12.     Plaintiff is the owner of a residential property located at 4121 Teton Place, Prosper, Texas 75078 (the "Property"). The Property was insured by insurance policy number CMP OCFX09 600327701 6371, issued by Defendant Travelers (the "Policy").  Plaintiff is the owner of the Policy and the named insured on the Policy.

13.     On or about April 21, 2017 or another time when the Policy was in effect, a severe storm event caused substantial damage to the Property and constituted a covered loss under the Policy. After the loss, Plaintiff made a claim (claim no. H5B4369001H) and demand for payment on Defendants for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). After Plaintiff made the Claim, Defendants assigned or otherwise retained its employees and/or agents to work on Plaintiff's Claim.

14.     Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendants have refused to pay all amounts due and owing under the Policy for the Claim.

15.     Defendants' adjusters made numerous errors in estimating the value of Plaintiff's claim. These errors were all designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendants failed to fully quantify Plaintiff's damages, thus demonstrating that they did

not conduct a thorough investigation of Plaintiff's claim. Defendants conducted a substandard investigation of Plaintiff's Claim, evidenced by the estimates issued by Defendants.  The damages Defendants included in its estimates were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

16.    Defendants' adjusters knowingly and intentionally overlooked damages at the Property and used their own inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim.  Because of Defendants' conduct, Plaintiff's claim was underpaid and denied.

17.    Defendants have continued to intentionally and knowingly misrepresent to Plaintiff about the damages at the Property despite being aware of the actual damages. Further, Defendants have continued to intentionally and knowingly misrepresent to Plaintiff about the terms of the Policy and the covered losses under the Policy. Defendants have continuously refused to pay Plaintiff the full amounts owed under the Policy.

18.    Defendants failed to thoroughly review and properly supervise the adjustment of the Claim, including the inspection of the Property, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Defendants' investigation failed to include the full extent of damages at the Property. This was evidenced through the estimate report, provided by Defendants to Plaintiff, which omitted several areas of damage at the Property during their inspection. Further, Defendants retained unqualified inspectors to conduct an investigation on the Property.

19.    Defendants' hiring and use of biased third-party consultants reflects their improper approach towards the adjustment of Plaintiff's claim. Defendants used their consultants to provide them with a pretextual basis for their denial of Plaintiff's Claim. Defendants relied on

this inaccurate and inadequate report prepared by their consultants in making decisions regarding the Claim.

20.    Defendants hired third-party adjusters that conducted a biased investigation of Plaintiff's claim. Defendants' adjusters provided an estimate that grossly undervalued the damages at the Property. Defendants presented this estimate to Plaintiff despite knowing that the estimate was a gross undervaluation of the damages. Defendants were aware of the misrepresentations of the damages.

21.    Defendants provided a second estimate of the damages following their first estimate. Defendants second estimate presented a higher valuation of damages than their first. Defendants were aware of the great disparity in their estimates.

22.    Despite presenting a higher subsequent estimate, the second estimate was still a misrepresentation of the damages at the Property. Defendants continued to undervalue the damages and misrepresent the covered losses to Plaintiff throughout their entire claims handling and estimates.

23.    Plaintiff retained a third-party adjuster to provide an estimate of the damages at the Property. This estimate was thorough and reflected the full extent of damages at the Property.

24.    Defendants were provided with Plaintiff's estimate and were put on notice of the full damages at the property that were covered under the Policy. Despite being aware of the differences in the estimates, Defendants refused to investigate the claim any further.

25.    Defendants refused to conduct another investigation and refused to adjust their prior estimate to reflect the full amount of covered losses at the Property. Defendants continued to rely on their own biased estimate as a basis for denying Plaintiff's claim.

26.     Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendants have refused to pay all amounts due and owing under the Policy for the Claim.

27.     Defendants failed to perform their contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendants refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff. Defendants' conduct constitutes a breach of the insurance contract between Defendants and Plaintiff.

28.     Defendants misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damages were covered by the Policy. Defendants failed to include the full extent of damages at Property in the estimates they presented to Plaintiff, and misrepresented to Plaintiff about the coverage of the Policy. Thus, their denial to fully compensate Plaintiff was a misrepresentation of the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

29.     Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when Defendants' liability was reasonably clear. Specifically, Defendants adjusted the entire Claim with an outcome-oriented approach and delayed completing the investigation of the Claim. Defendants failed to use qualified adjusters and inspectors to conduct investigations of the Property, and instead retained unqualified consultants that would favor their denial decision. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

30.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.   Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

31.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.   Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants.  Defendants continued to rely on misrepresentations in their inadequate explanation and refused to adjust or fully account for the additional documents presented to them evidencing Storm damage to the Property. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

32.     Defendants refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim.  Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Further, Defendants refused to further investigate the Claim despite being presented with multiple additional reports and estimates exhibiting the full extent of damages at the Property. Defendants ignored these reports and continued to rely on misrepresentations about the date of the Storm and covered perils under the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

33.     Defendants failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and

requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendants' conduct constitutes a violation of Tex.Ins.Code §542.055.

34.     Defendants failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendants' conduct constitutes a violation of Tex.Ins.Code §542.056.

35.     Defendants failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. The Property's covered damages under the Policy were made known to Defendants at the outset of the Claim investigation, yet Defendants refused to comply with their obligations and make payments owed under the Policy. Defendants' conduct constitutes a violation of Tex.Ins.Code §541.058.

36.     From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

37.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

38.     Because of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT TRAVELERS

39.     Defendant Travelers is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A.     Breach of Contract.

40.     The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant Travelers.   Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law.   Defendant's breach proximately caused Plaintiff injuries and damages.   All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B.     Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

41.     The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

42.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(1).

43.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's

liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(2)(A).

44.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

45.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

46.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(7).

47.     Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.   This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### C.     Prompt Payment Of Claims Violations.

48.     The Claim is a claim under an insurance policy with Defendant of which Plaintiff gave

Defendant.  Defendant is liable for the Claim.  Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

49.     Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

**D.      Breach Of The Duty Of Good Faith And Fair Dealing.**

50.     Defendant Travelers breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear. Defendant's conduct proximately caused Plaintiff injuries and damages.

**VIII.**
**CAUSES OF ACTION AGAINST DEFENDANT DALY**

51.     Defendant Daly is liable to Plaintiff for intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

**A.      Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

52.     The conduct, acts, and/or omissions by Defendant Daly constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

53.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(1).

54.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

55.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

56.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

57.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(7).

58.     Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual

damages which were much greater.  This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

**B.      Prompt Payment Of Claims Violations.**

59.      The Claim is a claim under an insurance policy with Defendant of which Plaintiff gave Defendant.  Defendant is liable for the Claim.  Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

d)  Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

e)  Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

f)  Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

60.      Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

**C.      Breach Of The Duty Of Good Faith And Fair Dealing.**

61.      Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear. Defendant's conduct proximately caused Plaintiff injuries and damages.

## IX.
## KNOWLEDGE

62.      Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

# X.
## DAMAGES

63.     Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

64.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

65.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages.  TEX.INS.CODE §541.152.

66.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees.  TEX.INS.CODE §542.060.

67.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

68.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XI.

**JURY DEMAND**

69.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

**XII.**
**REQUEST FOR DISCLOSURE**

70.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

**XIII.**
**PRAYER**

71.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**GREEN & KLEIN**

By: _/s/ Hunter M. Klein_
HUNTER M. KLEIN
State Bar No.: 24082117
ROBERT D. GREEN
State Bar No.: 08368025
440 Louisiana Street, Suite 1900
Houston, Texas 77002
(713) 654-9222- Telephone
(713) 654-2155- Fax
klein@greentriallaw.com
green@grenntriallaw.com
**ATTORNEYS FOR PLAINTIFF**